UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LYMAN MORSE BOATBUILDING CO., )
INC., )
 )
      *Plaintiff* )
 )
v. ) No. 2:10-cv-337-DBH
 )
RICHARD B. LEE, )
 )
      *Defendant* )

**MEMORANDUM DECISION ON MOTION FOR COURT-ORDERED SERVICE BY ALTERNATIVE MEANS AND MOTION TO STRIKE**

In this contract enforcement and collection action regarding the construction of a Deerfoot 70' yacht, the plaintiff shipyard seeks a court order authorizing it to serve process on the defendant customer, a resident of Brazil, by one or more of the following means: e-mail, mail to one or more of the attorneys known to represent the defendant, or service in hand upon the defendant's local attorney. The plaintiff also moves to strike the defendant's limited appearance in opposition to the motion. I deny the latter motion and, because the prerequisites of Fed. R. Civ. P. 4(f) are met, grant the former.

**Factual Background**

The complaint alleges that the defendant, Richard B. Lee, a resident of Sao Paulo, Brazil, entered into a contract with the plaintiff in 2008 whereby the plaintiff agreed to construct a Deerfoot 70' yacht for the defendant. Complaint (Docket No. 1) ¶¶ 2, 5. The defendant has failed to make progress payments called for in the contract. *Id*. ¶ 7. On or about June 16, 2010,

the plaintiff notified the defendant that it was terminating the contract, pursuant to its terms. *Id*. ¶ 9.

As of July 13, 2010, the defendant owed the plaintiff $721,455.37, plus ongoing storage fees, interest, and costs. *Id*. ¶ 11. The complaint seeks declaratory judgment authorizing the plaintiff to sell the vessel, judgment for breach of contract, and an award of damages in *quantum meruit*. *Id*. at 3-4.

Throughout pre-suit negotiations, and at least until November 22, 2010, the defendant was represented by Stephen Fuller of Harris Cartier LLP in London, United Kingdom, and by Jotham Pierce, Esq., of Pierce Atwood in Portland, Maine. Affidavit of Leonard W. Langer (Docket No. 5-2) ¶ 4. On August 18, 2010, Mr. Pierce informed Mr. Langer, who represents the plaintiff, that the defendant had instructed him not to accept service of process in the instant case. *Id*. ¶ 6. On September 2, 2010, Mr. Fuller wrote to Mr. Langer stating that he was not authorized to accept service on behalf of the defendant. *Id*. ¶ 8.

On September 22, 2010, pursuant to Fed. R. Civ. P. 4(d), Mr. Langer sent to the defendant by overnight mail a letter enclosing a Notice of Lawsuit and Request to Waive Service of a Summons, two copies of a Notice of Waiver of Service of a Summons, the Complaint, and the plaintiff's Corporate Disclosure Statement. *Id*. ¶ 9. The letter was delivered to the defendant's residence on September 24, 2010. *Id*. ¶ 10. The defendant has not returned the Waiver of Service. *Id*. ¶ 11.

Brazil is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in civil and commercial matters. *Id*. ¶ 12. The United States and Brazil are parties to the Inter-American Convention on Letters Rogatory and Additional Protocol. *Id*.

Service of process in Brazil pursuant to this Convention can take more than three years to complete, and only two of 100 requests for such service since 2003 have been successful. *Id*.

Counsel at the law firm of Pinheiro Neto in Sao Paulo, Brazil, advise that direct service on the defendant would require judicial approval by the Superior Court of Justice, which could take six to 12 months. *Id*. ¶ 13.

In an e-mail dated November 8, 2010, the defendant pushed the plaintiff to continue marketing the partially-completed vessel in an effort to benefit both parties. Affidavit of Bruce C. Hopkins (Docket No. 5-1) ¶ 13.

## Discussion

### A. Motion to Strike

The plaintiff challenges, Plaintiff Lyman Morse Boatbuilding[] Co., Inc.'s Motion to Strike Limited Appearance and Motion to Strike Opposition to Plaintiff's Motion for Court Ordered Service by Alternative Means ("Motion to Strike") (Docket No. 9), the asserted "limited appearance" of counsel for the plaintiff, Mr. Pierce and Ms. Bush, "to . . . oppos[e] the pending motion for court ordered service by alternative means." Richard B. Lee's Opposition to Plaintiff's Motion for Court Ordered Service by Alternative Means (Docket No. 8) at 1.

The plaintiff bases its challenge on Local Rule 83.2(b), Motion to Strike at 2. That rule is intended to prohibit the appearance of an attorney "purporting to limit the attorney's representation to less than all issues and proceedings," Local Rule 83.2(b), as when a party purports to appear *pro se* as to certain issues and to be represented by an attorney as to other issues within the same action. That is not the kind of limited appearance being made by the defendant and his attorneys in this case. Here, the defendant has acted merely to preserve a defense under Fed. R. Civ. P. 12(b)(5) and to avoid any waiver under Fed. R. Civ. P. 12(h) of a

3

claim of insufficient service of process by making it clear that he appears at this time in this action only to oppose the motion for service by alternative means. Richard B. Lee's Opposition to Plaintiff's Motion to Strike Limited Appearance (Docket No. 12) at 2-5. Local Rule 83.2(b) does not prevent him from doing so.

The motion to strike is **DENIED.**

### B. Motion for Service

Federal Rule of Civil Procedure 4(f) governs service on an individual in a foreign country. It provides, in relevant part:

> [A]n individual . . . may be served at a place not within any judicial district of the United States:
>
> (**1**) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (**2**) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> > (**A**) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > (**B**) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > (**C**) unless prohibited by the foreign country's law, by:
> > > (**i**) delivering a copy of the summons and of the complaint to the individual personally; or
> > > (**ii**) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (**3**) by other means not prohibited by international agreement, as the court orders.

The Inter-American Convention does not prohibit alternate means of service. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 640 (5th Cir. 1994). This court granted a motion for court-directed service of process on a defendant's attorney in *Forum Fin.*

*Group, LLC v. President & Fellows of Harvard College*, 199 F.R.D. 22 (D. Me. 2001), where no international agreement prohibited the court from directing service in that manner, and where the defendant, a resident of Russia, evaded service in Russia. *Id*. at 22-25. This court held that such service was "likely to fulfill the due process requirement of being reasonably calculated to give [the defendant] notice of the case and an opportunity to be heard." *Id*. at 25. When the defendant later attacked the service of process as insufficient, the court reiterated that service on his New York attorney via certified mail was appropriate and sufficient. *Forum Fin. Group v. President & Fellows of Harvard College*, 173 F.Supp.2d 72, 91 (D. Me. 2001). The court found it significant that the defendant "never argued that [he] failed to have notice, or that [the attorney who was served] was not in contact with [him]." *Id.*

On the showing made by the plaintiff, the same is true in the instant case. By instructing his attorneys not to accept service on his behalf, the defendant can only be said to be avoiding service of process with respect to a claim and an action of which he is already well aware. He has not returned the Waiver of Service form that was delivered to his residence on September 24, 2010. It may reasonably be assumed that he will reject any attempt at personal service, and it is clear that any attempt at formal service through the Brazilian judicial system will be, if not fruitless, prolonged for such an extensive period of time that evidence and testimony may well be affected. A substituted form of service is called for under these circumstances. *See, e.g., Arista Records LLC v. Media Servs. LLC*, No. 06 Civ. 15319(NRB), 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008).

I, therefore, **ORDER** that the plaintiff make service in hand upon the defendant's attorneys in Portland, Maine, and by certified "next day" mail, or its equivalent, upon the

defendant's attorney in London. The plaintiff shall notify the defendant via e-mail of this order and of the ordered service when it has been accomplished.

**SO ORDERED.**

Dated this 6th day of January, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
