UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LYMAN MORSE BOATBUILDING CO., INC.,

    Plaintiff

v.

RICHARD B. LEE,

    Defendant

No. 2:10-cv-337-DBH

## MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR ATTACHMENT

The plaintiff seeks an attachment and attachment on trustee process in the amount of $690,933.73 against the defendant in this action arising out of a contract to build a Deerfoot 70' yacht. The defendant opposes the motion. I deny the motion on the present showing.

### I. Applicable Legal Standard

A party may move for attachment in this court "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine[.]" Local Rule 64. "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion shall be supported by affidavit . . . meeting the requirements set forth in subdivision (i) of this rule." Me. R. Civ. P. 4A(c). Subdivision (i) requires the affidavit to "set forth specific facts sufficient to warrant the required findings[.]" *Id.* (i).

Under Maine law, attachment and attachment on trustee process are available only for a specified amount, as approved by order of court, and only upon a finding that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security and attached property or credits shown by the defendant to be available to satisfy the judgment. *Id*. (c); Maine R. Civ. P. 4B(c). The plaintiff admits that it holds a $100,000 deposit made by the defendant. Affidavit of Bruce C. Hopkins ("Hopkins Aff.") (Docket No. 18-1) ¶ 12.

## II. Factual Background

The following facts are established by affidavit, as required under Maine R. Civ. P. 4A(i).

In October 2008, the plaintiff and the defendant entered into a "fixed profit" contract under which the plaintiff agreed to construct a 70' Deerfoot yacht for the defendant, and the defendant agreed to pay the plaintiff the contract price by making progress payments in accordance with the terms of the contract. *Id*. ¶¶ 3-4. The defendant initially paid the defendant's invoices but fell behind and, by February 1, 2010, he owed the plaintiff $1,100,682.28. *Id*. ¶ 5.

On June 10, 2010, the defendant informed the plaintiff that he was unable to pay the outstanding invoices or fund the completion of the yacht. *Id*. ¶ 7. On June 16, 2010, the plaintiff notified the defendant that it was terminating the contract pursuant to its terms. *Id*. ¶ 8. Under the contract, the plaintiff is now entitled to sell the yacht and apply the proceeds to the amount owed. *Id*. ¶ 9.

The plaintiff was forced to winterize the yacht and move it to another location for storage. *Id*. ¶ 10. This process cost the plaintiff in excess of $23,082. *Id.* As of April 6, 2011, the defendant owed the plaintiff $790,933.73 in unpaid fees, materials, and expenses. *Id*. ¶ 11.

The plaintiff continues to incur monthly expenses of approximately $2,000 to insure the yacht and $1,000 to store it. *Id*. ¶ 13. Interest is accruing on the unpaid debt at the rate of approximately $7,000 per month. *Id*.

The plaintiff was initially told that building the yacht would require about 34,000 work hours. Affidavit of Richard D. Lee ("Lee Affidavit") (Docket No. 26) ¶ 2. After the building began, the necessary work hours rose to over 57,000. *Id*. ¶ 3. The cost increase was over $1,000,000. *Id.* The plaintiff "appears to have raised the labor hours without a reasonable basis for doing so." *Id*. ¶ 4.

The defendant was aware as early as January 2008 that the expected number of labor hours had risen to 45,000. Affidavit of Bruce C. Hopkins in Support of Plaintiff Lyman Morse's Reply to Defendant Richard Lee's Opposition to Plaintiff's Motion for Attachment and Attachment on Trustee Process (Docket No. 28-1) ¶ 4. Shortly after the contract was signed, the defendant began to make changes to the specifications for the yacht. *Id*. ¶ 10. The contract required the defendant to raise any objection to the plaintiff's invoices within 14 days of receipt; he never objected to any invoice within this time period. *Id*. ¶ 15.

The plaintiff kept the defendant informed of cost increases related to the changes he made in the specifications. *Id*. ¶ 16. A major increase in labor hours resulted from the defendant's decision to have the plaintiff build the deck and hull molds, which originally were to be built by others and shipped to the plaintiff. *Id*. ¶ 25. This change alone added 5,100 labor hours. *Id*. The defendant and/or his naval architect consented to all of the changes and the resulting increases in the cost of the project. *Id*. ¶ 28.

### III. Discussion

The plaintiff appears to have met its burden to establish the amount owed by the defendant and the fact that it is more likely than not to recover some amount of damages from the defendant. Were the motion to be granted, I would subtract (as the plaintiff concedes) the $100,000 deposit from the amount shown to be due and add costs, but not interest, that have accrued since the motion was filed. However, the plaintiff has not met its burden as the moving party to show that it is more likely than not to recover an amount equal to or greater than the requested attachment amount plus any other security available to satisfy some part of the amount sought. The plaintiff holds the yacht and now has the ability to sell it. Hopkins Aff. ¶ 9. Indeed, it asserts that it is entitled to sell the yacht and apply the proceeds to the amount owed. *Id*.

But, the plaintiff does not provide the following necessary information: the amount already paid by the defendant, the market value of the yacht in its current state of completion or incompletion, and what it would be required to do in order to sell the yacht in its current state or to make it saleable, if anything. In the absence of this information, the court cannot tell whether there is value in the unfinished yacht which the plaintiff holds that should reduce or even eliminate the amount of attachment to be authorized. While the language of Rule 4A appears to place the burden on the defendant of showing the availability of sources other than attachment to satisfy some or all of the judgment likely to be recovered, in this case the plaintiff has made it clear that the yacht is in its possession and that it has the right to sell it. The court cannot ignore these facts. The overall burden is on the plaintiff to establish its entitlement to the attachment sought. On the showing made, it has not done so. *See Citizens Bank New Hampshire v. Acadia Group Inc.*, 2001 ME 41, ¶12, 766 A.2d 1021, 1024; *Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1189 (Me. 1993).

## IV. Conclusion

For the foregoing reasons, the plaintiff's motion for pre-judgment attachment is **DENIED** on the present showing.

Dated this 29th day of July, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge